IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TC HEARTLAND LLC,<br><br>*Plaintiff and Counterclaim Defendant*,<br><br>v.<br><br>SUSAN S. SCHIFFMAN,<br><br>*Defendant and Counterclaim Plaintiff*. | 1:23-cv-00665-LCB-JLW |

## ANSWER TO COUNTERCLAIMS

Plaintiff TC Heartland LLC ("Heartland"), by and through its undersigned counsel, respectfully submits this Answer to the Counterclaims filed by Defendant Susan S. Schiffman ("Schiffman").[1] Pursuant to the Parties' July 11, 2025 Stipulation, ECF No. 47, Schiffman's Counterclaims I and II have been dismissed.[1]

## GENERAL DENIAL

Unless expressly admitted below, Heartland denies each and every allegation set forth in Schiffman's Counterclaim.

## THE PARTIES

1. Admitted.

---

[1] Pursuant to the Parties' July 11, 2025 Stipulation, ECF No. 47, Defendant's Counterclaims I and II have been dismissed. To the extent that any allegation pertains to the dismissed counterclaims, no response is required. Heartland has provided a response only to the extent that the Court deems a response necessary.

1

2. Admitted.

## JURISDICTION AND VENUE

3. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Heartland admits that federal courts have subject matter jurisdiction over claims properly brought pursuant to 28 U.S.C. § 1332 but denies that there is any factual or legal basis to support the remaining counterclaim asserted by Schiffman.

4. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Heartland admits that it filed a Complaint against Dr. Schiffman in the Middle District of North Carolina.

5. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Heartland admits that Schiffman has admitted that she is an individual residing in or around Durham, North Carolina and is a citizen of the State of North Carolina. Heartland otherwise denies the remaining allegations.

## THE FACTS

6. Heartland lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

7. Heartland lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

8. Heartland admits that Schiffman publishes research but lacks sufficient

knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

9. Heartland admits that Schiffman has published research articles but lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies the same.

10. Heartland lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

11. Heartland admits that sucralose is an ingredient used in Splenda brand sucralose-based products but denies the remaining allegations.

12. Heartland denies that Schiffman's articles show any danger related to sucralose and S6A. Heartland admits that other persons publish articles regarding sucralose but otherwise denies Schiffman's characterization of the Complaint, which speaks for itself. Heartland lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies the same.

13. Heartland denies that WHO issued such guidance. Heartland admits that the World Health Organization published on May 15, 2023 the guideline, "Use of non-sugar sweeteners," which speaks for itself. Otherwise, denied.

14. Heartland admits that Schiffman's false, defamatory, and disparaging statements have caused harm to Heartland's sales, that it has brought suit against Schiffman

3

based on her false, defamatory, and disparaging statements, and that it has not sued the WHO. Otherwise, denied.

15. Heartland admits it has brought suit against Schiffman based on her false, defamatory, and disparaging statements that relate to her false and misleading research practices. Heartland otherwise denies the remaining allegations.

16. Heartland admits to publishing webpages that respond to Schiffman's false and defamatory statements. Heartland admits that it created the website titled "Learn The Splenda® Truth" at https://www.splenda.com/learn/, which speaks for itself. Heartland denies the remaining allegations.

17. Heartland denies that the website, titled "Learn the Splenda Truth," referenced in Paragraph 16 contains the citations referenced in Paragraph 17. Heartland admits that it created the website titled "Get The Facts on S6A" at https://www.splenda.com/s6a/, which speaks for itself. Heartland denies the remaining allegations.

18. Heartland denies that Schiffman is entitled to damages. Heartland lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies the same.

## COUNTERCLAIM I—VEXATIOUS LITIGATION

19. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, denied.

20. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been

4

dismissed. If a response is necessary, Heartland admits that its counsel sent Schiffman's counsel a letter on June 13, 2023, which speaks for itself. Otherwise, denied.

21. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, Heartland admits that Schiffman's counsel sent Heartland's counsel a letter on June 30, 2023, which speaks for itself. Otherwise, denied.

22. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, Heartland admits that Schiffman's counsel sent Heartland's counsel a letter on June 30, 2023, which speaks for itself. Otherwise, denied.

23. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, Heartland admits that its counsel sent Schiffman's counsel a letter on July 14, 2023, which speaks for itself. Otherwise, denied.

24. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, Heartland admits that its counsel sent Schiffman's counsel a letter on July 14, 2023, which speaks for itself. Otherwise, denied.

25. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, denied.

26. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, Heartland admits that Schiffman's counsel sent Heartland's counsel a letter on June 30, 2023, which speaks for itself. Otherwise, denied.

27. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, admitted.

28. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, denied.

29. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, Heartland admits that Schiffman's counsel sent Heartland's counsel a letter on June 30, 2023, which speaks for itself. Otherwise, denied.

30. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, Heartland admits that routine testing of the sucralose used in Splenda finds absolutely no S6A, down to the lowest detection limit possible of 10 ppm. Otherwise, denied.

31. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, Heartland admits that a technique known as high performance liquid chromatography mass-spectrometry ("HPLC-MS") can be used to identify and/or quantify impurities and contaminants in food products. Heartland otherwise lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies the same.

32. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, Heartland lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

33. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, denied.

34. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, the food additive petition that led to the authorization of sucralose speaks for itself. Otherwise, denied.

35. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, Heartland lacks sufficient knowledge or information sufficient to form a belief as to the meaning of the term "published literature" as used in the allegation and therefore denies it on that basis. Heartland admits that S6A is an intermediate compound formed during the synthesis of some sucralose and may also be present as an impurity in some sucralose. Except as expressly admitted, Heartland denies the remaining allegations.

36. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, Heartland lacks sufficient knowledge or information sufficient to form a belief as to the truth of Defendant's allegations regarding her awareness in this paragraph and therefore denies the same.

37. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, denied.

38. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, denied.

39. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, denied.

40. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been

dismissed. If a response is necessary, Heartland admits that the World Health Organization published on May 15, 2023 the guideline, "Use of non-sugar sweeteners," which speaks for itself. Otherwise, denied.

41. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, Heartland admits that on May 23, 2023 Heartland's Chief Executive Officer, Ted Gelov, published a response to the World Health Organization's guidance. Mr. Gelov's response speaks for itself. Otherwise, denied.

42. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, Heartland admits that the WHO's guidance is dated May 15, 2023, Mr. Gelov's press release is dated May 23, 2023, and the May 2023 Article was published May 29, 2023. Otherwise, denied.

43. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, denied.

44. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, denied.

45. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, Heartland admits that sucralose is an approved food product which has gone through a rigorous, over ten-year period of review upon submission as a food additive petition to the U.S. Food and Drug Administration. Otherwise, denied.

46. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been

dismissed. If a response is necessary, denied.

47. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, denied.

48. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, denied.

49. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, denied.

50. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, denied.

51. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, Heartland admits that it filed the Complaint and it has served subpoenas to the individuals and entities listed in this paragraph. Heartland denies that Hagir Suliman works at Duke University. Heartland otherwise denies the remaining allegations.

52. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, denied.

53. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, denied.

54. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, denied.

## COUNTERCLAIM II—TORTIOUS INTERFERENCE WITH A BUSINESS EXPECTANCY

55. Heartland incorporates by reference its responses to Paragraphs 1 through 54 above as though fully set forth herein.

56. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, Heartland lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

57. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, Heartland admits that Schiffman participated in an expert report filed in *Sugar Ass'n Inc. v. McNeil-PPC Inc. et al.*, No. 2:04-cv-10077, at Dkt. 551 (C.D. Cal. July 21, 2008), which was largely excluded by the trial court as unreliable and unhelpful.

58. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, denied.

59. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, Heartland admits that it has communicated with representatives of Taylor & Francis. Otherwise, denied.

60. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, Heartland admits that it set up web pages that reference Schiffman's false, defamatory, and disparaging statements. Heartland denies the remaining allegations.

61. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, denied.

62. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, Heartland lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

63. Pursuant to the Parties' July 11, 2025 Stipulation, these allegations have been dismissed. If a response is necessary, denied.

**COUNTERCLAIM III—VIOLATIONS OF THE NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT**

64. Heartland incorporates by reference its responses to Paragraphs 1 through 63 above as though fully set forth herein.

65. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Heartland denies the allegations.

66. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Heartland denies the allegations.

67. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Heartland denies the allegations.

**PRAYER FOR RELIEF**

Heartland denies that Schiffman is entitled to any of the relief requested in her Prayer for Relief, or to any relief whatsoever. To the extent that this section contains any allegations, Heartland denies them.

## JURY TRIAL DEMANDED

Heartland hereby demands a jury trial on all claims, defense, and issues in this action so triable.

## DEFENSES

Heartland further pleads the following separate and additional defenses to the Counterclaim. By pleading these defenses, Heartland does not in any way agree or concede that it has the burden of proof or persuasion on any claims or defenses. Heartland reserves the right to plead any and all defenses that may be evident or revealed after investigation and discovery in this matter.

1. In accordance with the Parties' July 11, 2025 Stipulation, ECF No. 47, Counterclaims I and II asserted by Schiffman have been dismissed and therefore are not subject to further response or defense.

2. Schiffman's remaining Counterclaim fails to state a claim upon which relief can be granted and/or to state facts sufficient to constitute a claim for relief against Heartland.

3. The statements attributed to Heartland are protected expressions of opinion based on disclosed facts and are not actionable under the First Amendment or North Carolina law.

4. Any statements alleged to be false, misleading, or defamatory are true or substantially true.

5. Any statements alleged to be false or misleading are not unfair or deceptive

12

Case 1:23-cv-00665-CCE-JLW    Document 54    Filed 07/25/25    Page 12 of 15

acts or practices as a matter of law or fact.

6. Schiffman cannot show that any alleged statement by Heartland was the proximate cause of any cognizable injury or damages.

7. Schiffman's claims are barred by the doctrines of waiver, estoppel and/or laches.

## RESERVATION OF ADDITIONAL DEFENSES

Heartland does not presently know all facts concerning Schiffman's remaining counterclaim sufficient to state all affirmative defenses at this time. Heartland will seek leave to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses. Heartland reserves any and all additional affirmative defenses available to it.

## COUNTERCLAIM DEFENDANT'S DEMAND FOR JUDGMENT

Heartland prays for judgment with respect to Schiffman's remaining Counterclaim and Heartland's defenses as follows: a) A judgment in Heartland's favor denying Schiffman all relief requested in the remaining Counterclaim and dismissing the remaining Counterclaim with prejudice; b) For an award to Heartland of its attorneys' fees, costs, and expenses of litigation; and c) Such other relief as the Court shall deem just and proper.

Dated: July 25, 2025

/s/ Stephen Shackelford, Jr.
Stephen Shackelford, Jr.
(NYS Bar No. 5393657)
*Appearing Specially LR 83.1(d)*
Geng Chen (NYS Bar No. 5377262)
*Appearing Specially LR 83.1(d)*
Y. Gloria Park (NYS Bar No.: 5477047)
*Appearing Specially LR 83.1(d)*
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
Tel: (212) 336-8330
Fax: (212) 336-8340
sshackelford@susmangodfrey.com
gchen@susmangodfey.com
gpark@susmangodfrey.com

Davida Brook (CAS Bar No. 275370)
*Appearing Specially LR 83.1(d)*
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
dbrook@susmangodfrey.com

Bradley M. Risinger
(NC State Bar No. 23629)
**FOX ROTHSCHILD LLP**
434 Fayetteville Street, Suite 2800
Raleigh, NC 27601
Tel: (919) 755-8700
Fax: (919) 755-8800
brsinger@foxrothschild.com

*Attorneys for Plaintiff and Counterclaim Defendant, TC Heartland LLC*

# CERTIFICATE OF SERVICE

This is to certify that on this 25th day of July 2025 a copy of the foregoing document has been duly served upon the parties by ECF Service to the following:

Mark R. Kutny
**HAMILTON STEPHENS STEELE + MARTIN, PLLC**
525 N. Tryon Street, Suite 1400
Charlotte, North Carolina 28202
Tel: (704) 344-1117
Fax: (704) 344-1483
mkutny@lawhssm.com
*Attorneys for Defendant/Counterclaim Plaintiff*

Kevin M. Bell
**ARNALL GOLDEN GREGORY LLP**
1775 Pennsylvania Avenue NW, Suite 1000
Washington, DC 20006
Tel: (202) 677-4030
kevin.bell@agg.com
*Appearing Specially L.R. 83.1(d)*

Matthew D. Zapadkta
Andrew K. Beverina
**ARNALL GOLDEN GREGORY LLP**
2100 Pennsylvania Avenue, NW, Suite 350S
Washington, D.C. 20037
Tel (202) 677-4030
Matthew.zapadkta@agg.com
Andrew.beverina@agg.com
*Appearing Specially L.R. 83.1(d)*

April Meeks
**ARNALL GOLDEN GREGORY LLP**
171 17th Street NW, Suite 2100
Atlanta, GA 30363
Tel: (404) 873-7037
april.meeks@agg.com
*Appearing Specially L.R. 83.1(d)*

*Attorneys for Defendant/Counterclaim Plaintiff*

*/s/ Stephen Shackelford, Jr.*
Stephen Shackelford, Jr.