IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TC HEARTLAND LLC, | ) | |
| | ) | |
| Plaintiff and counter-claim defendant, | ) | |
| | ) | |
| v. | ) | 1:23CV665 |
| | ) | |
| SUSAN S. SCHIFFMAN, | ) | |
| | ) | |
| Defendant and counter-claim plaintiff. | ) | |

## <u>ORDER AND MEMORANDUM OPINION OF UNITED STATES MAGISTRATE JUDGE</u>

The plaintiff TC Heartland LLC ("Heartland"), the producer of Splenda sweetener, has sued the defendant, Susan Schiffman ("Schiffman"), alleging that Schiffman, a scientist at North Carolina State University ("NCSU"), made false and defamatory statements about Splenda's health effects. *See* Docket Entry 126 ¶¶ 1–4 27, 36.

The matter is now before the Court on Heartland's motion to compel, Docket Entry 75, Schiffman's motion for a protective order, Docket Entry 95, and two motions to seal on behalf of Avazyme, a third-party whose representatives gave depositions in this case, Docket Entries 134, 139.

For the reasons set forth below, the Court denies Heartland's motion to compel as moot and grants Schiffman's motion for a protective

order. The Court grants in part and denies in part the motions to seal.

## I. MOTION TO COMPEL

In an attempt to resolve Heartland's motion to compel, Docket Entry 75, Schiffman agreed to supplement her response to Interrogatory No. 9, and the Court ordered such supplementation no later than December 8, 2025. *See* Docket Entry 125 at 1–2. The Court then ordered Heartland to inform the Court as to any remaining deficiencies within three days, i.e., by December 11, 2025. *Id*. at 2. Heartland did not do so. The Court therefore denies Heartland's motion as moot.

## II. MOTION FOR A PROTECTIVE ORDER

Schiffman has moved for a protective order under Rule 26(c) preventing Heartland from disclosing the

contents of a certain letter to nonparties. *See* Docket Entry 95.

Here, background context is helpful. This litigation is not the only avenue Heartland has taken to defend its products from Schiffman's assertions. Heartland also reached out to the publisher of one of Schiffman's articles—Taylor & Francis ("T&F")—with concerns about the integrity of Schiffman's work. *See* Docket Entry 127-2 ¶ 4. T&F then launched an internal investigation, during which it asked Schiffman for her comments on Heartland's concerns. *See id.* ¶¶ 4–5; Docket Entry 95-1 at 6. Schiffman responded with a letter to T&F. *See generally* Docket Entry 95-2. Then, during discovery, Schiffman provided that same letter to Heartland. Docket Entry 127-2 ¶ 6. However, Schiffman marked the letter confidential, preventing Heartland from disclosing it to non-parties. *Id.*

Heartland challenges the letter's confidentiality because Heartland wants to send T&F—a nonparty—counterarguments to the points raised in Schiffman's letter. *See id.* at 3–4. Heartland argues that Schiffman has not made the showing necessary to justify a protective order, and that the parties did not meet and confer regarding this matter. *See* Docket Entry 127 at 7–14, 8 n.5; *see also* Docket Entry 127-2 ¶ 20. Both arguments fail.

A. Schiffman is Entitled to a Protective Order.

Federal Rule of Civil Procedure 26(c) allows the Court to, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." That order may "specif[y] terms . . . for the disclosure" or "requir[e] that . . . confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *See* Fed. R. Civ. P. 26(c)(1)(B), (G). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

The party seeking a protective order must demonstrate that (1) "the information sought is covered by the rule," and (2) the movant "will be harmed by disclosure." *In re Wilson*, 149 F.3d 249, 252 (4th Cir. 1998); *accord Anderson v. Amazon.com Servs., LLC*, No. 4:23-CV-115-D, 2025 WL 1287984, at *3 (E.D.N.C. May 2, 2025).

As to the first requirement, in assessing confidentiality, courts "must look at the nature of the information, the measures taken to protect its secrecy, and the extent of knowledge of the information by both outsiders and insiders." *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 415 (M.D.N.C. 1991)

To that end, the movant must "'make … a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which would be suffered

2

without one.'" *See Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.*, 200 F.R.D 255, 261 (M.D.N.C. 2001) (quoting *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 412 (M.D.N.C. 1991)).

If the movant makes the requisite showing, the burden shifts to the party seeking disclosure to show that the need for disclosure outweighs its harm. *See Drexel Heritage Furnishings, Inc.*, 200 F.R.D at 261.

Here, as a threshold matter, the letter at issue constitutes "confidential research" under Rule 26(c)(1)(G) because it contains scientific findings and arguments not published in a journal but instead gathered as part of a private internal investigation. *See* Docket Entry 95-1 at 6; Docket Entry 127-2 ¶¶ 4–5. Specifically, the letter incorporates information submitted to T&F under the publisher's confidentiality requirements. *See* Docket Entry 96, at 3 fn.4.

This showing is sufficient to meet the confidentiality requirement. *See Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 411—12 (M.D.N.C. 1991) (documents were confidential because they contained "information on [the defendant]'s distribution strategy [that] is closely guarded by the company"); *see also Drexel Heritage Furnishings, Inc.*, 200 F.R.D at 260—61 (despite counsel's "conclusory" statements and "minimal" showing, confidentiality designation appropriate where the "information is not confidential vis-à-vis the whole world, but only as to plaintiffs").

Second, Schiffman has established that disclosure would be harmful. Specifically, she cites to both specific reputational harm, as well as general harm to the scientific process of inquiry that publications like T&F undergo.

As to reputational harm, the litigants both rely on the Third Circuit Court of Appeals' decision in *Cipollone v. Litgett Group, Inc.*, 785 F.2d 1108 (3d Cir. 1986), wherein the Court recognized that embarrassment can constitute harm justifying a protective order, but noted that "an applicant for a protective order whose chief concern is embarrassment must demonstrate that the embarrassment will be particularly serious." *See id.* at 1121; *see also U.S. ex rel. Davis v. Prince*, 753 F. Supp. 2d 561, 568 (E.D. Va. 2010) ("And, importantly, the fact that public disclosure of discovery materials will cause some annoyance or embarrassment is not sufficient to warrant a protective order; the annoyance or embarrassment must be particularly serious.") (citing *Cipollone*, 785 F.2d at 1121).

To that end, courts have historically rejected conclusory assertions of reputational harm as justifying relief. *See generally Aguilar v. New Mexico*, No. CV 14-572 JAP/GBW, 2015 WL 13662790, at *2 (D.N.M. June 26, 2015) *(*"[B]ecause nearly every case involves dramatic disputes of fact, conclusory claims of reputational damage, without more, are insufficient to establish good cause.") (citing *Raiser v. Brigham Young Univ.*, 127 F. App'x 409 (10th Cir.

3

2005), *Brown & Williamson Tobacco Corp.*, 710 F.2d 1165, 1179 (6th Cir. 1983), *Daines v. Harrison*, 838 F. Supp. 1406, 1408 (D. Colo. 1993)).

Here, Schiffman asserts that the release of the letter "outside the context of the confidential editorial investigation for which [it was] created invites misuse, mischaracterization, and strategic distortion, precisely the types of harms Rule 26(c) is designed to prevent." *See* Docket Entry 96 at 8. This is a valid concern. *See, e.g.*, *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 425 (E.D.N.Y. 2007) ("The harm faced by Lilly is amplified by the fact that the protected documents which respondents seek to disseminate are segments of a large body of information, whose selective and out-of-context disclosure may lead to confusion in the patient community and undeserved reputational harm[.]") (citation omitted).

However, Heartland has represented it only wishes to release the letter to T&F (who already has a copy), not any wider audience. This would obviate the threat of reputational harm.

Schiffman cites another type of harm, though: interference with "the publisher's ability to conduct an unbiased review[.]" *See* Docket Entry 130 at 11. While this is in part an argument made on behalf of T&F, a non-party, the rule does not require the Court to consider harm only to a litigant. Further, the fact that T&F declined to share the letter with Heartland suggests that this type of harm is real. *Compare with Drexel*

*Heritage Furnishings, Inc.*, 200 F.R.D at 261 (finding harm even where it was rooted in "informed speculation, not actual past actions").

While these showings establish only minimal confidentiality and harm, that is all that is required here. *See Drexel*, 200 F.R.D. at 259–63.

Additionally, Heartland has not shown that the need for disclosure outweighs the harm. Schiffman does not seek a protective order preventing Heartland from using the letter in litigation, which is the only purpose for which Heartland was able to discover the letter in the first place. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 (1978) ("[W]hen the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied."). Heartland seeks disclosure so it can discuss the letter with a non-party who has already declined to produce the same. Thus, the need does not outweigh the harm.

B. The Parties Met and Conferred.

Both Rule 26(c)(1) and this case's Consent Protective Order require that the parties meet and confer before moving for a protective order. *See* Docket Entry 49 ¶ 11. Here, Schiffman has certified that the parties discussed the letter's confidentiality via video conference, *see* Docket Entry 96 at 13, and both parties provided emails they exchanged before and after the conference, *see* Docket Entries 95-3, 127-3. Those emails show that Heartland invoked the Consent

Case 1:23-cv-00665-CCE-JGM   Document 196   Filed 03/20/26   Page 4 of 7

Protective Order to state that confidentiality would be waived if Schiffman did not file a motion, a step that could only take place after the parties met and conferred. *See* Docket Entry 127-3 at 2–4; Docket Entry 49 ¶ 11. Thus, Heartland effectively represented that it believed the meet and confer requirement was satisfied and that Schiffman would waive confidentiality unless she filed a motion for a protective order. Heartland cannot now change its tune.[1]

For the above reasons, the Court grants Schiffman's motion and orders Heartland not to disclose the contents of the disputed letter to any nonparties at this point in the litigation.[2]

III. MOTIONS TO SEAL

Heartland moved to seal the briefing and attachments supporting its motion to compel previously resolved by the Court, *see* Docket Entries 135, 136, 160, because they contain information from the depositions of Avazyme employees that Avazyme designated as confidential. *See* Docket Entries 134, 139. However, Heartland requested that Avazyme retract its confidentiality designation. *See id.* Avazyme responded, requesting that the Court maintain the seal on some of Heartland's filings. Docket Entry 142. The Court grants Avazyme's request in part and denies it in part, as explained below.

This Court typically finds that the public does not have a right to access documents filed in connection with discovery disputes. *See, e.g., United States v. Johnson*, No. 12-CV-1349, 2014 WL 12787211, at *3 (M.D.N.C. Feb. 10, 2014). However, Rule 26(c) still requires "good cause" before filings can be sealed. *Hatch v. Demayo*, No. 1:16CV925, 2020 WL 6161533, at *6 (M.D.N.C. Oct. 21, 2020). Similarly, this Court's local rules disfavor sealing documents, and require "a sufficient showing by the party claiming confidentiality as to

---

[1] To the extent that Heartland is arguing that the parties only met and conferred regarding confidentiality from the general public, not T&F specifically, this argument is inapposite. If true, it still allows Schiffman to move for a protective order preventing disclosure to the public, of which T&F is a member. Also, the record reflects that Heartland's emails stated only that it was contesting the confidentiality of the letter in general. *See* Docket Entry 127-3 at 5.

[2] This order considers the disputed letter only as pretrial evidence, not as evidence supporting a dispositive motion.

"Protective orders that limit the disclosure of pretrial discovery materials can be appropriate because such discovery is ordinarily conducted in private," but "once the documents are made part of a dispositive motion, such as a summary judgment motion, they lose their status of being raw fruits of discovery." *See Under Armour, Inc. v. Body Armor Nutrition, LLC*, No. CIV. JKB-12-1283, 2013 WL 5375444, at *9 (D. Md. Aug. 23, 2013) (citing *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 252 (4th Cir. 1988)).

why sealing is necessary and why less drastic alternatives will not afford adequate protection." *See* L.R. 5(a), (c)(3); *see also* Docket Entry 41 (adopting L.R. 5.4(c)'s default sealing procedures for this case).

Here, Avazyme requests that the Court seal "pages 114–115 and 130 of the Bornemann deposition, and pages 16 and 192–193 of the Werness deposition" and "redact the parties' briefs solely to the extent they quote or paraphrase those sealed excerpts." Docket Entry 142 at 3. Avazyme argues that this material reveals "specific provisions in Avazyme's contracts with researchers" and that making these public "would give competitors and prospective contracting partners insight into Avazyme's negotiating positions and internal business practices." *See* Docket Entry 142 at 3.

This is partially correct: some of the pages Avazyme seeks to seal describe "standard" provisions in Avazyme's contracts. *See* Docket Entry 135-4 at 8–9; Docket Entry 135-6 at 6–7. But other pages mention no contract provisions at all. *See* Docket Entry 125-6 at 8; Entry 135-4 at 7. The Court denies Avazyme's request regarding the latter, which are page 130 of the Bornemann deposition and page 16 of the Werness deposition.[3]

Moreover, of the two contract provisions revealed by the depositions, the Court relied upon the indemnity agreement between Avazyme and Schiffman to find that they shared a common legal interest, thereby revealing it to the public and mooting the issue.[4] *See* Docket Entry 160 at 4–5. The Court therefore also denies Avazyme's request regarding the pages that mention that provision, which are pages 114 and 115 of the Bornemann deposition. Docket Entry 135-6 at 6–7.

The Court did not rely, however, on the final contract provision. The Court therefore grants Avazyme's request regarding the pages containing this information, pages 192 and 193 of the Werness deposition. Docket Entry 135-4 at 8–9. The only place this information is mentioned in the parties' briefing—and therefore the

---

[3] The page numbers in this sentence refer to the numbers provided in the upper right corner of the deposition transcripts, not the ECF-provided page numbers that this court uses in its various citations to the record. The standard citations to the record for these pages are Docket Entry 125-6 at 8 and Docket Entry 135-4 at 7.

[4] The Court's reliance on this information may also implicate the common law right of access. *See In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D),*

707 F.3d 283, 290 (4th Cir. 2013) ("[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights."). *But see Garey v. James S. Farrin, P.C.,* No. 1:16CV542, 2020 WL 5211851, at *6 (M.D.N.C. Sept. 1, 2020) ("Because discovery motions often involve procedural, rather than substantive rights of the litigants . . . courts have found that no right of public access attaches to materials filed with discovery motions.").

only part of the briefing the Court orders remain redacted—is page 8 of Heartland's initial brief. Docket Entry 135-1 at 12.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Heartland's motion to compel, Docket Entry 75, is **DENIED** as moot. Schiffman's motion for a protective order, Docket Entry 95, is **GRANTED** and Heartland is **ORDERED** not to disclose the contents of the disputed letter to any nonparty. Finally, the motions to seal, Docket Entries 134, 139, are **GRANTED IN PART AND DENIED IN PART**. Docket Entries 135 and 140 and their attachments shall be unsealed and unredacted, with the following exceptions: the current redaction shall remain on ECF page 12 of Docket Entry 135-1, and ECF pages 8 and 9 of Docket Entry 135-4 shall remain sealed.

JoAnna Gibson McFadden
United States Magistrate Judge

March 20, 2026
Durham, NC

7